## SHED vs. MILLER & al.

*Miller & al.* gave their note or promise in writing to *Shed*, to pay him $462,41 " as soon as his contract for making the *Canada road* should be completed, to the acceptance of the agent, appointed by the Governor and Council, to inspect said road." The contract referred to, was to make the road around the base of *Bald Mountain*, to the acceptance of said Agent. The road was made *over* the mountain, but was nevertheless *accepted by the agent of the State.* *Held*, that an action on the note was maintainable.

ASSUMPSIT on a promissory note. On the evidence stated in the opinion of the Court, the defendants were defaulted by consent. If, in the opinion of the whole Court, the action was maintainable, judgment was to be rendered on the default; otherwise it was to be taken off and a nonsuit entered.

*F. Allen*, for the defendants.

The note, bond, and resolve constitute one transaction — and all the conditions must be complied with before the note can be collected. Though the certificate of the agent is *prima facie* evidence, it is not conclusive that the road has been made according to the contract. Indeed, as a matter of fact, the defendants were compelled to make the road over again before they could obtain their pay from the State, notwithstanding the acceptance by the agent.

*Tenney*, for the plaintiff, cited the resolves alluded to in the contract, and the case of *Dow* v. *Tuttle*, 4 *Mass.* 414.

EMERY J. — This is an action upon a note of hand, signed by the defendants, of the following description : " We, *Charles Mil-* " *ler* and *John C. Glidden*, hereby bind and obligate ourselves " to pay *Amos Shed* or order, four hundred and sixty-two dollars " and forty-one cents, as soon as said *Shed's* contract for making " the *Canada Road* shall be completed to the acceptance of the " agent, appointed by the Governor and Council of the State to " inspect said road. Witness our hands this twentieth day of " *May*, 1830.                     *Charles Miller*. " $462,41.                     *John C. Glidden.*
      " Witness, *William Allen, Jr*."

There is also a count for money had and received.

Shed *v.* Miller & al.

By the terms of this contract the payment is not made to depend upon any thing but that the contract of the plaintiff, for making the *Canada road,* shall be completed to the acceptance of the agent, as above specified. And in the absence of any fraud on the part of the plaintiff, we do not perceive that we can make any new contract for the parties, or adopt any new measure of evidence, that the plaintiff has done what he engaged to do; for it is admitted that on the first day of *November,* 1830, that road was duly accepted by *Searle,* the State's agent, though the road was made over the height, and not round the base of *Bald Mountain,* and though the consideration of the note was a bond, given by the plaintiff to the defendants; and the resolve, to which reference was made in said bond, required the road to be made round the base of said *Bald Mountain.*

The case cited by the plaintiff's counsel, *Dow* v. *Tuttle,* 4 *Mass.* 414, we consider pertinent. And in connection with the resolve of *7th* of *March,* 1834, made part of the case, we cannot but believe that the cases, *Hayden* v. *Madison,* 7 *Greenl.* 76, and *Abbot* v. *Third School District in Hermon,* 118, go far to shew the propriety of the defendant's conduct in submitting to a default. We are fully satisfied that the action is maintainable, and that the default must stand.